## THE LORD CLIVE.*

*(District Court, E. D. Pennsylvania. January 4, 1882.)*

1. PILOTAGE—STATUTES OF PENNSYLVANIA—DUTY TO ACCEPT THE FIRST PILOT WHO OFFERS.

   Under the Pennsylvania statute of March 29, 1803, the master of a vessel, of the draught mentioned in the act, is bound to accept the first duly-qualified pilot who offers his services, and this provision of the statute is not repealed by the subsequent statute of March 24, 1851.

Libel by the Society for Distressed and Decayed Pilots against the steamship Lord Clive, to recover an amount equal to full pilotage of the vessel as a penalty for the refusal of the steamship to accept the services of a pilot. The penalty was claimed under the act of assembly of Pennsylvania of March 29, 1803, (4 Sm. Laws, 74,) which provides as follows:

"The pilot who shall first offer himself to any inward-bound ship or vessel shall be entitled to take charge thereof, provided his license shall authorize him to pilot ships or vessels of such draught of water; and it shall be the duty of such pilot, if required, to exhibit his license to the master or commander of such ship or vessel, and in case the draught of water of such ship or vessel shall be greater than such pilot shall be licensed to carry, he may, nevertheless, with the consent of the master, take charge of such ship or vessel until a pilot duly qualified shall offer; and if such qualified pilot shall offer before such ship or vessel shall have passed Reedy island he shall be received, and the former pilot entitled to pilotage according to the distance he may have conducted such ship or vessel, and the latter to the residue of the pilotage, which shall be ascertained by the master-warden for the time being; and the master or commander of such ship or vessel shall display the signal for a pilot heretofore used, until a pilot duly qualified shall offer; and if the said master or commander shall neglect or refuse so to do, or shall refuse or neglect to receive a pilot duly qualified, the master, owner, or consignee of such ship or vessel shall forfeit and pay to the warden aforesaid a sum equal to the half pilotage of such ship or vessel, to the use of the Society for the Relief of Distressed and Decayed Pilots, their widows and children, to be recovered as pilotage in the manner hereinafter directed."

By the act of March 24, 1851, (P. L. 229,) it was further provided: "Every vessel arriving from or bound to any foreign port or place * * * shall be obliged to take a pilot. * * * And if the master of any such vessel, being licensed as a coasting vessel, and of the burden of 100 tons or more, shall refuse or neglect to take a pilot, the master or owner or consignee of

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

such vessel shall forfeit and pay the sum equal to half pilotage of such vessel; and if such vessel be not licensed as aforesaid, then and in such case the master, owner, or consignee thereof shall forfeit and pay the full pilotage thereof."

On June 20, 1881, the steam-ship Lord Clive, bound to Philadelphia on a voyage from Liverpool, was spoken by the pilot-boat E. C. Knight, and a duly-licensed pilot was sent on board. The master of the steam-ship refused to accept the services of this pilot, on the ground that he never before had acted as pilot to an ocean steamer. The master was then given another pilot out of the same boat, who piloted the steam-ship and received full compensation. This libel was then filed to recover the penalty of full pilotage for refusal to receive the first pilot who offered.

*Albert E. Peterson* and *W. W. Wiltbank,* for libellant.

*H. G. Ward* and *Morton P. Henry,* for respondent.

BUTLER, D. J. *First.* Does the act of 1803, (of Pennsylvania,) require vessels to accept the first duly-qualified pilot who offers his services, and inflict the penalty of half pilotage for refusal?

*Second.* What effect has the act of 1851 on the claim involved?

These are the only questions raised by counsel; and I will consider no other.

The twenty-first section of the act of 1803 authorizes the pilot who shall first offer himself, having the proper license, to take charge of the vessel. "The pilot who shall first offer himself to any inward-bound vessel shall be *entitled* to take charge thereof, provided his license shall authorize him to pilot a ship or vessel of such draught." The right thus conferred on the pilot necessarily imposes on the vessel a corresponding obligation to allow its exercise. The subsequent provision, inflicting a penalty for "refusal to accept a pilot," has reference to *this* pilot,—the first duly qualified, offering his services,— whether on the vessel's entrance of the bay, or at any subsequent time before passing "Reedy Island." The language "if the master or commander shall refuse   *   *   *   to receive a pilot duly qualified," clearly means if he shall refuse *the pilot whom the statute has authorized to perform the service.* Such refusal brings him not only within the spirit of the statute, but also within the letter. He has, (in such case,) "refused to receive a pilot duly qualified." That he may have taken another is unimportant; the fact remains that he has refused one, and the particular one on whom the right to perform the service is conferred by the statute.

The act of 1851 has no effect on the question under consideration, except to increase the penalty for such refusal. It contains no repealing clause, and its provisions are entirely consistent with so much of the statute of 1803 as imposes the obligation to accept the first duly-qualified pilot offering his services.

A decree must therefore be entered for the amount claimed.